IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **JAMES MARSH** | * | |
| | * | |
| *Plaintiff*, | * | **COMPLAINT** |
| | * | |
| v. | * | |
| | * | |
| **FCA US LLC** | * | |
| | * | Case No. _____ |
| *Defendant.* | * | |
| | * | |
| Please serve: | * | |
| CT Corporation System | * | |
| 4701 Cox Rd Ste 285 | * | |
| Glen Allen, VA 23060-6808 | * | |
| | * | |

## COMPLAINT

Now into Court, through undersigned counsel, comes the Plaintiff, James Marsh, and moves the Court for judgment against Defendant FCA US LLC on the basis of the following facts and law:

## JURISDICTION

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331(a), as the Plaintiff is a citizen of Virginia residing in Loudoun County, Virginia, and FCA US LLC is a corporation organized under the laws of

{3653 / 000}

Delaware with a principal place of business at in Auburn Hills, Michigan. The amount in controversy exceeds $75,000.

## VENUE

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## FACTS

4. On December 21, 2021 Plaintiff James Sterling Marsh bought a 2021 Jeep Grand Cherokee 4-Door, 4-Wheel Drive motor vehicle, Vehicle Identification Number 1C4RJKBG3M8135104. The vehicle had eighty-two miles on the odometer. The total delivered price was $58,523.38

5. The 2021 Jeep Grand Cherokee that is the subject of this Complaint was manufactured by Defendant FCA US LLC. The vehicle came with a three year/ 36,000 mile Manufacturer's Warranty which covered the new vehicle against defects in materials and workmanship.

6. The Plaintiff's vehicle has been the subject of multiple repair attempts to fix warranty defects. The vehicle was taken to Safford Chrysler Jeep Dodge Ram Fiat, an authorized warranty repair agent of Defendant FCA US LLC, on February 24, 2022, May 25, 2022, July 25, 2022, August 1, 2022, and September 2, 2022. The subject vehicle was also taken to Dulles Motorcars, an authorized warranty repair agent of the Defendant, on September 22, 2022, September 26,

2022, October 12, 2022, November 1, 2022, and November 9, 2022. The warranty defects included power steering defects, brake defects, electronic infotainment defects, engine defects, and engine mount defects. The subject vehicle was out of service due to repair for a cumulative total in excess of forty days.

7. On March 02, 2023, Plaintiff's counsel mailed the Defendant by Certified Mail, Return Receipt requested giving the Defendant legal notice of the need to replace the vehicle or buy it back with a complete refund.

## COUNT ONE – MAGNUSSON-MOSS WARRANTY ACT

8. The facts alleged in paragraph 1-7 are incorporated herein by reference.

9. Plaintiff Marsh is a consumer as defined in 15 U.S. Code § 2301(3). The Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(4)-(5). The subject vehicle is a consumer product as defined in 15 U.S. Code § 2301(1).

10. The Vehicle was manufactured after July 4, 1975 and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively

11. The Limited Warranty has failed its essential purpose and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

{3653 / 000}

12. The Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists, and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

13. As a proximate result of the Defendant's violations of the Magnuson-Moss Warranty Act and breach of its warranties, the Plaintiff has been damaged for which the Defendant is responsible. See, 15 U.S. Code § 2304(a) and 2310(d).

14. Plaintiff moves the Court for Judgement against the Defendant for the full cost of the vehicle, all incidental and consequential damages, interest, plus attorney fees in the amount of $550 per hour, or one-third of the amount recovered, whichever of the two is greater.

## COUNT TWO – VIOLATION OF THE VIRGINIA MOTOR VEHICLE WARRANTY ACT

15. The fact alleged in Paragraphs 1-14 are repled and incorporated herein by reference.

16. Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the "Virginia Lemon Law") Virginia Code § 59.1-207.11 et seq.

17. Defendant FCA US LLC is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq, and has received due notice under the same statute.

18. The Virginia Lemon Law requires a manufacturer to *"make such repairs as are necessary to conform the vehicle to such warranty"* that are provided to the consumer. Defendant FCA US LLC has been unable to repair Plaintiff's vehicle

after a reasonable number of repair attempts. Specifically, Virginia Code § 59.1-207.13(B)(3) provides that *"It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days."* The Plaintiff's vehicle has been out of service for much more than a cumulative total of thirty calendar days and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

19. Plaintiff seeks to recover as damages the purchase price of the vehicle, $58,523.38, as well as all finance charges, incidental costs, compensation in the amount of $10,000 for inconvenience and loss of use, reasonable attorney fees in the amount of one-third of the amount received, or $550 per hour, whichever is greater, expert witness fees, and court costs. See, Virginia Code § 59.1-207.14.

WHEREFORE, Plaintiff James Sterling Marsh moves the Court for judgement against Defendant FCA US LLC in the amount of the purchase price of his vehicle $58,523.38, as well as all incidental costs, compensation in the amount of $10,000 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $550 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-Judgement interest running from the date of the first

repair attempt, post-Judgement interest, court costs, and all other damages, equity and/or law may seem meet.

TRIAL BY JURY IS DEMANDED.

Respectfully submitted,

James Sterling Marsh

By: _____
Of Counsel

James B. Feinman, Esq. (VSB #28125)
James B. Feinman & Associates
P. O. Box 697
Lynchburg, Virginia 24505
(434) 846-7603 (Phone)
(434) 846-0158 (Fax)
jb@jfeinman.com

{3653 / 000}